

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# Lafayette Brown v. Herbert Terrell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Lafayette Brown v. Herbert Terrell" (2009). *2009 Decisions.* Paper 1509.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1509

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3945

LAFAYETTE BROWN,

Appellant

v.

HERBERT A. TERRELL

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:08-cv-01119)
District Judge: Honorable Terrence F. McVerry

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed April 21, 2009)

OPINION

PER CURIAM

Appellant Lafayette Brown appeals from a District Court order dismissing his

complaint pursuant to 28 U.S.C. § 1915(e). Because Brown's appeal does not present a

substantial question, we will summarily affirm the judgment of the District Court.  See 3d

Cir. L.A.R. 27.4; I.O.P. 10.6.

Brown, proceeding pro se, initiated a civil rights action against Appellee Herbert

Terrell.  Brown apparently suffered multiple serious injuries as a result of an accident that

took place in 1977, while he was employed by the City of Pittsburgh.  Although his

allegations are unclear, Brown appears to argue that Terrell, an attorney, violated

Brown's civil rights by wrongfully accepting payment and then failing to represent

Brown in the workers' compensation matter relating to the 1977 accident.

The District Court referred the matter to a Magistrate Judge, who granted Brown

permission to proceed in forma pauperis.  The Magistrate Judge also filed a Report and

Recommendation recommending that Brown's complaint be dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  The Magistrate Judge stated that she was unable to identify

any basis for federal jurisdiction.  She concluded that, to the extent Brown was attempting

to proceed under 42 U.S.C. § 1983, Brown failed to state a claim because he did not

identify a constitutional right implicated by Terrell's alleged wrongdoing, and because he

did not allege that Terrell acted under color of state law.

Brown objected to the Report and Recommendation.[1]  On September 15, 2008,

after conducting a de novo review, the District Court adopted the Magistrate Judge's

Report and Recommendation and dismissed the Complaint pursuant to 28 U.S.C.

---

[1] Although Brown filed his objections in a related action, the District Court considered the objections as if they were also addressed to this action.

§ 1915(e)(2)(B)(ii). Brown filed a timely appeal.

We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we conclude that the District Court properly dismissed Brown's complaint.

We agree with the Magistrate Judge's conclusion that the only arguable federal claim presented by Brown's complaint would arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Essentially for the reasons explained by the Magistrate Judge, Brown failed to successfully raise a § 1983 claim.

At most, Brown's allegations appear to support state law causes of action. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) (tort claims must be pursued in state courts under traditional state law principles, not under § 1983). Although Brown cites to the First and Fourteenth Amendments, Brown fails to set forth any facts supporting a constitutional deprivation. Further, Brown does not allege that Terrell is a state actor, see Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005), and the fact that Brown hired Terrell to represent him as legal counsel does not render Terrell a "person acting under color of state law" for purposes of § 1983. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (an attorney does not act under color of state law when performing his function as counsel). Thus, Brown failed to state a claim on which relief

3

may be granted, and the District Court properly dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Brown's appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.